IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAMMIE MANLEY, | ) | CASE NO. 4:18-cv-1431 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| L. HUGHES, et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

*Pro se* plaintiff Rammie Manley, an inmate of the Ohio State Penitentiary ("OSP") in Youngstown, Ohio, has filed this civil rights action under 42 U.S.C. § 1983 against two lieutenants and eight correctional officers of OSP and the Ohio Department of Rehabilitation and Correction ("ODRC"). He alleges in his complaint that the individual defendants assaulted him. (Doc. No. 1 ["Compl."] at 7-8.)[1] He requests money damages. (*Id*. at 8.)

**I. Relevant Background**

Manley alleges that on December 21, 2017, he pretended to have razors in his cell to compel prison officials to permit him to talk to a lieutenant or sergeant, but defendant Correctional Officer ("CO") Jo Hall would not arrange such a meeting. (*Id*. at 6.) A negotiator was called to the scene, but Manley admits he refused to cooperate with prison officials. (*Id*. at 6-7.) Manley claims he was then "sprayed with more than enough OC"; shot "a couple dozen times"; and "a sting gernade [*sic*]" was tossed into [his] cell." (*Id*. at 7.) According to the complaint, the COs then entered Manley's cell, and, except for defendant CO Williams, beat him. (*Id*.) Manley claims he did not

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic docketing system.

"do anything extra" and was only trying to protect himself. (*Id.*) Manley alleges that, after he was subdued and handcuffed, an officer broke his finger at the "R & D" and he was taken to a hospital for treatment. (*Id.* at 8.) He claims the incident was recorded on a body camera. (*Id.*)

Manley contends that, in addition to the broken finger, he sustained a cut lip and bruised ribs, back, and wrist as a result of the officers' assault on him. (*Id.*) He claims he still cannot close his hand because of the injury to his finger. (*Id.*)

Manley names the following defendants in his complaint: OSP Lieutenants L. Hughes and W. Wine; OSP COs M. Filipowicz, Jo Hall, J. Seech, J. Shannon, M. Williams, T. Dotson, M. Stevens, and M. Robinson; and the ODRC.

**II. Analysis**

*Pro se* pleadings must be liberally construed. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam) (noting that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). However, district courts are required to screen all *in forma pauperis* actions and dismiss before service any action – or portion of an action – that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In order to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 929 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. And they must be sufficient

to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 1 (2002). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Merely stating legal conclusions or reciting the elements of a cause of action also will fail to meet this pleading standard. *Iqbal*, 556 U.S. at 678. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Here, Manley alleges the defendants violated his constitutional rights under § 1983 by assaulting him. Although prison officials may be required to use force to ensure prison security, they may violate the Eighth Amendment's proscription against cruel and unusual punishment if the force used amounts to an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed. 251 (1976). The core judicial inquiry when a prison official stands accused of using excessive force in violation of the Eighth Amendment is whether the force was applied in a good-faith effort to maintain or restore order, or maliciously and sadistically to cause harm. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 156 (1992). Viewing the complaint in the light most favorable to the plaintiff, this Court cannot conclude that Manley may not have a plausible claim against the ten prison officials named in his complaint. This action, therefore, may proceed against them.[2]

---

[2] Although Manley specifically names only Defendants Hall and Williams in the body of his complaint, the other individual defendants are identified as being involved in the incident at issue in an ODRC "Investigation Summary Report Use of Force" relating to the alleged assault, which is attached as an exhibit to the complaint. (*See* Compl. at 15-19.)

Manley's claims against the ODRC, however, must be dismissed. To establish a violation under § 1983, a plaintiff must show that a "person" acting under color of state law deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 420 (1981). For a defendant to be held liable under § 1983, therefore, the defendant must be deemed a "person" for purposes of that provision. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). The ODRC is an agency of the State of Ohio. It cannot be held liable under 42 U.S.C. § 1983, and Manley cannot maintain a claim against it under that statute. *See, e.g., Lowe v. Ohio Dep't of Rehab. and Corr.*, No. 97–3971, 1998 WL 791817, at *2 (6th Cir. Nov. 4, 1998) ("The §§ 1983 and 1981 claims against ODRC ... are barred by the Eleventh Amendment."); *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999); *Foulks v. Ohio Dep't of Rehab. and Corr.*, 713 F.2d 1229, 1232–33 (6th Cir. 1983).

**III. Conclusion**

For the reasons stated above, the Court dismisses the plaintiff's complaint against the ODRC pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). This action shall proceed against the remaining defendants: L. Hughes, W. Wine, M. Filipowicz, Jo Hall, J. Seech, J. Shannon, M. Williams, T. Dotson, M. Stevens, and M. Robinson.

The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process upon the defendants listed above, and a copy of this Order shall be included in the documents served.

The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 21, 2018

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**